1  JOHN W. SPIEGEL (*Pro Hac Vice*)
   John.Spiegel@mto.com
2  GREGORY J. WEINGART (*Pro Hac Vice*)
   Gregory.Weingart@mto.com
3  MELINDA E. LEMOINE (*Pro Hac Vice*)
   Melinda.LeMoine@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
5  Thirty-Fifth Floor
   Los Angeles, CA  90071-1560
6  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
7
   Attorneys for Defendant
8  MAYNARD L. JENKINS

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF ARIZONA**

11

12  SECURITIES AND EXCHANGE          CASE NO.  CV-09-01510-PHX-GMS
    COMMISSION,
13                                   **DEFENDANT MAYNARD L. JENKINS'**
                  Plaintiff,         **ANSWER TO COMPLAINT**
14
         v.                          Judge: The Honorable G. Murray Snow
15
    MAYNARD L. JENKINS,
16
                  Defendant.
17

18         Defendant Maynard L. Jenkins answers the Complaint filed by Plaintiff the

19  Securities and Exchange Commission ("SEC") as follows:

20
                          **SUMMARY[1]**
21

22         1.    In response to Paragraph 1, Jenkins admits that he was the chairman

23  and chief executive officer of CSK Auto Corporation ("CSK").  The remaining allegations

24  of Paragraph 1 consist of conclusions of law to which no responsive pleading is required.

25  Except as expressly admitted and to the extent Paragraph 1 requires a response, Mr.

26

27  ───────────────
    [1] The headings from the Complaint are incorporated herein solely for ease of reference.  To the
    extent the headings purport to contain any allegations to which a response is required, Mr. Jenkins
28  denies each and every such allegation.

    10953396.1                      - 1 -          DEFENDANT MAYNARD L. JENKINS'
                                                   ANSWER TO COMPLAINT

1   Jenkins is without sufficient knowledge or information to form a belief as to the truth of

2   the allegations in Paragraph 1, and on that basis denies each and every allegation

3   contained therein.

4         2.     Paragraph 2 consists of conclusions of law to which no responsive

5   pleading is required.  To the extent that a response is required, Jenkins denies the

6   allegations of Paragraph 2.

7         3.     In response to Paragraph 3, Jenkins admits that CSK was a retailer of

8   automotive parts and accessories in the United States.  Jenkins further admits that CSK

9   purchased products from vendors that manufacture automotive parts and accessories.

10   Except as expressly admitted, Mr. Jenkins is without sufficient knowledge or information

11   to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies

12   each and every allegation contained therein.

13         4.     Paragraph 4 consists of conclusions of law to which no responsive

14   pleading is required.  To the extent that a response is required, Mr. Jenkins is without

15   sufficient knowledge or information to form a belief as to the truth of the allegations in

16   Paragraph 4, and on that basis denies each and every allegation contained therein.

17         5.     Paragraph 5 consists of conclusions of law to which no responsive

18   pleading is required.  To the extent that a response is required, Mr. Jenkins is without

19   sufficient knowledge or information to form a belief as to the truth of the allegations in

20   Paragraph 5, and on that basis denies each and every allegation contained therein.

21         6.     Paragraph 6 consists of conclusions of law to which no responsive

22   pleading is required.  To the extent a response is required, Mr. Jenkins admits that CSK

23   filed an accounting restatement as part of its Form 10-K annual report for fiscal year 2004,

24   and that he was one of the individuals that signed that Form 10-K annual report.  Mr.

25   Jenkins avers that the Form 10-K for fiscal year 2004 is the best evidence of its content.

26   Except as expressly admitted and averred, Mr. Jenkins is without sufficient knowledge or

27   information to form a belief as to the truth of the allegations in Paragraph 6, and on that

28   basis denies each and every allegation contained therein.

1    7.    Mr. Jenkins admits that CSK announced an investigation into certain

2  accounting practices on March 27, 2006.  Mr. Jenkins avers that that public announcement

3  is the best evidence of its content.  Mr. Jenkins also admits that CSK filed a Form 10-K

4  for fiscal year 2005 that included restated financial information.  Mr. Jenkins avers that

5  the form 10-K for fiscal year 2005 is the best evidence of its content.  Except as expressly

6  admitted and averred, Mr. Jenkins is without sufficient knowledge or information to form

7  a belief as to the truth of the allegations in Paragraph 7, and on that basis denies each and

8  every allegation contained therein.

9    8.    Mr. Jenkins admits that he received compensation from CSK during

10  the specified period of May 5, 2003 through May 2, 2005.  Mr. Jenkins further admits that

11  he earned a profit from the exercise of his fully vested and expiring stock options during

12  the specified period.  Except as expressly admitted, Mr. Jenkins denies the allegations of

13  Paragraph 8.

14    9.    Paragraph 9 consists of conclusions of law to which no responsive

15  pleading is required.  To the extent a response is required, Mr. Jenkins denies the

16  allegations of Paragraph 9.

17                          **JURISDICTION AND VENUE**

18    10.    Mr. Jenkins admits that this Court has jurisdiction over this action.

19    11.    Mr. Jenkins admits that venue is proper in this district.  The

20  remaining contentions in Paragraph 11 are conclusions of law as to which no responsive

21  pleading is required.  To the extent a response is required, Mr. Jenkins denies the

22  allegations of Paragraph 11.

23                              **THE DEFENDANT**

24    12.    Mr. Jenkins admits that he served as CSK's chief executive officer

25  and chairman of the board from January 1997 until his retirement in August 2007.  Except

26  as expressly admitted, Mr. Jenkins denies the allegations of Paragraph 12.

27

28

10953396.1                          - 3 -                    DEFENDANT MAYNARD L. JENKINS'
                                                             ANSWER TO COMPLAINT

1

**RELATED PARTIES**

2          13.      Mr. Jenkins admits that during the time he served as chairman and

3    chief executive officer, CSK had its principal executive offices in Phoenix, Arizona.  Mr.

4    Jenkins further admits that stock in CSK was publicly traded on the New York Stock

5    Exchange.  Mr. Jenkins also admits that CSK operated auto parts stores under names

6    including Checker Auto Parts, Schucks Auto Supply, and Kragen Auto Parts.  Mr. Jenkins

7    further admits that CSK became part of O'Reilly Automotive, Inc. in 2008.  Except as

8    expressly admitted, Mr. Jenkins is without knowledge or information sufficient to form a

9    belief as to the truth of the allegations of Paragraph 13, and on that basis denies each and

10   every allegation included therein.

11         14.      Paragraph 14 consists of conclusions of law as to which no

12   responsive pleading is required.  To the extent a response is required, Mr. Jenkins is

13   without knowledge or information sufficient to form a belief as to the truth of the

14   allegations of Paragraph 14, and on that basis denies each and every allegation in

15   Paragraph 14.

16         15.      Mr. Jenkins admits that Martin G. Fraser was CSK's chief operating

17   officer and president until September 2006.  Mr. Jenkins further admits that Mr. Fraser

18   was a defendant in both a civil case brought by the SEC (the "SEC Action") and a

19   criminal case pending in the District of Arizona (the "DOJ Action").  Mr. Jenkins avers

20   that the complaint and indictment referenced in Paragraph 15 are the best evidence of their

21   content.  Except as expressly admitted and averred, Mr. Jenkins is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations of Paragraph 15,

23   and on that basis denies each and every allegation therein.

24         16.      Mr. Jenkins admits that Don W. Watson was CSK's chief financial

25   officer, senior vice president, and treasurer until September 2005.  He further admits that

26   Mr. Watson served as CSK's chief administrative officer and senior vice president from

27   September 2005 until his termination in October 2006.  He further admits that Watson is a

28   named defendant in the SEC Action and the DOJ Action.  Except as expressly admitted,

10953396.1                                    - 4 -                    DEFENDANT MAYNARD L. JENKINS'
                                                                       ANSWER TO COMPLAINT

1   Mr. Jenkins is without knowledge or information sufficient to form a belief as to the truth

2   of the allegations of Paragraph 16, and on that basis denies each and every allegation

3   therein..

4          17.    Mr. Jenkins admits that Edward W. O'Brien was CSK's controller

5   and vice president until his termination in September 2006.  Mr. Jenkins further admits

6   that Mr. O'Brien is a named defendant in the SEC Action, and that Mr. O'Brien pled

7   guilty to obstruction of justice in connection with the DOJ Action.  Except as expressly

8   admitted, Mr. Jenkins is without knowledge or information sufficient to form a belief as to

9   the truth of the allegations of Paragraph 17, and on that basis denies each and every

10  allegation therein..

11         18.    Mr. Jenkins admits that Gary M. Opper was CSK's director of credit

12  and receivables, reporting to O'Brien, until his termination in September 2006.  Mr.

13  Jenkins further admits that Mr. Opper is a named defendant in the SEC Action, and that

14  Mr. Opper pled guilty to obstruction of justice in connection with the DOJ Action.  Except

15  as expressly admitted, Mr. Jenkins is without knowledge or information sufficient to form

16  a belief as to the truth of the allegations of Paragraph 18, and on that basis denies each and

17  every allegation therein.

18                 **BACKGROUND: CSK'S "LET'S WORK TOGETHER" PROGRAM**

19         19.    Mr. Jenkins admits that CSK had various vendor allowance

20  programs, and that one was called "Let's Work Together" or "LWT."  Mr. Jenkins further

21  admits that LWT agreements covered a one-year period, which was generally referred to

22  as the "program year."  Mr. Jenkins admits that the LWT agreements varied.  Except as

23  expressly admitted, Mr. Jenkins denies each and every allegation in Paragraph 19.

24         20.    Mr. Jenkins is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations of Paragraph 20, and on that basis denies each and

26  every allegation therein.

27

28

1    **SUMMARY OF CSK'S FRAUDULENT SCHEME**

2    **I. The Fraudulent Scheme to Avoid Vendor Allowance Write Offs**

3           21.    Mr. Jenkins is without knowledge or information sufficient to form a

4    belief as to the truth of the allegations of Paragraph 21, and on that basis denies each and

5    every allegation therein.

6           22.    Paragraph 22 consists of conclusions of law as to which no

7    responsive pleading is required.  To the extent Paragraph 22 requires a response, Mr.

8    Jenkins is without knowledge or information sufficient to form a belief as to the truth of

9    the allegations of Paragraph 22, and on that basis denies each and every allegation therein.

10          23.    Paragraph 23 consists of conclusions of law as to which no

11   responsive pleading is required.  To the extent Paragraph 23 requires a response, Mr.

12   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

13   the allegations of Paragraph 23, and on that basis denies each and every allegation therein.

14          24.    Paragraph 24 consists of conclusions of law as to which no

15   responsive pleading is required.  To the extent Paragraph 24 requires a response, Mr.

16   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

17   the allegations of Paragraph 24, and on that basis denies each and every allegation therein.

18          25.    Paragraph 25 consists of conclusions of law as to which no

19   responsive pleading is required.  To the extent Paragraph 25 requires a response, Mr.

20   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

21   the allegations of Paragraph 25, and on that basis denies each and every allegation therein.

22   **A. Fiscal Year 2002**

23          26.    Paragraph 26 consists of conclusions of law as to which no

24   responsive pleading is required.  To the extent Paragraph 26 requires a response, Mr.

25   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

26   the allegations of Paragraph 26, and on that basis denies each and every allegation therein.

27   **B. Fiscal Year 2003**

28          27.    Paragraph 27 consists of conclusions of law as to which no

1    responsive pleading is required.  To the extent Paragraph 27 requires a response, Mr.

2    Jenkins is without knowledge or information sufficient to form a belief as to the truth of

3    the allegations of Paragraph 27, and on that basis denies each and every allegation therein.

4              28.     Paragraph 28 consists of conclusions of law as to which no

5    responsive pleading is required.  To the extent Paragraph 28 requires a response, Mr.

6    Jenkins is without knowledge or information sufficient to form a belief as to the truth of

7    the allegations of Paragraph 28, and on that basis denies each and every allegation therein.

8              29.     Paragraph 29 consists of conclusions of law as to which no

9    responsive pleading is required.  To the extent Paragraph 29 requires a response, Mr.

10   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

11   the allegations of Paragraph 29, and on that basis denies each and every allegation therein.

12             30.     Paragraph 30 consists of conclusions of law as to which no

13   responsive pleading is required.  To the extent Paragraph 30 requires a response, Mr.

14   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

15   the allegations of Paragraph 30, and on that basis denies each and every allegation therein.

16   **C. Fiscal Year 2004**

17             31.     Paragraph 31 consists of conclusions of law as to which no

18   responsive pleading is required.  To the extent Paragraph 31 requires a response, Mr.

19   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

20   the allegations of Paragraph 31, and on that basis denies each and every allegation therein.

21   **II.     As A Result Of Its Fraud, CSK's Forms 10-K For Fiscal Years 2002, 2003,
     And 2004 Were In Material Non-Compliance With Financial Reporting
22   Requirements Under The Securities Laws**

23             32.     Paragraph 32 contains conclusions of law as to which no responsive

24   pleading is required.  To the extent Paragraph 32 requires a response, Mr. Jenkins admits

25   that CSK filed Forms 10-K for fiscal years 2002, 2003, and 2004.  Mr. Jenkins avers that

26   the Forms 10-K for fiscal years 2002, 2003 and 2004 are the best evidence of their

27   content.  Mr. Jenkins further admits that he is one of the individuals who signed those

28   annual reports. Mr. Jenkins also admits that he signed accompanying Sarbanes-Oxley

1    certifications, to the extent such certifications were included with the specified Forms 10-

2    K.

3              33.     Paragraph 33 consists of conclusions of law as to which no

4    responsive pleading is required.  Mr. Jenkins avers that the notes in the financial

5    statements included with CSK's Forms 10-K for fiscal years 2002, 2003, and 2004 are the

6    best evidence of their content.  Except as expressly averred and to the extent Paragraph 33

7    requires a response, Mr. Jenkins is without knowledge or information sufficient to form a

8    belief as to the truth of the allegations of Paragraph 33, and on that basis denies each and

9    every allegation therein.

10             34.     Paragraph 34 consists of conclusions of law as to which no

11   responsive pleading is required.  To the extent Paragraph 34 requires a response, Mr.

12   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

13   the allegations of Paragraph 34, and on that basis denies each and every allegation therein.

14             35.     Paragraph 35 consists of conclusions of law as to which no

15   responsive pleading is required.  To the extent Paragraph 35 requires a response, Mr.

16   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

17   the allegations of Paragraph 35, and on that basis denies each and every allegation therein.

18   **III. CSK Was Required to Prepare Two Accounting Restatements**

19             36.     Mr. Jenkins admits that CSK filed annual reports in its Forms 10-K

20   for fiscal years 2002, 2003, and 2004.  Paragraph 36 consists of conclusions of law as to

21   which no responsive pleading is required.  Except as expressly admitted and to the extent

22   Paragraph 36 requires a response, Mr. Jenkins is without knowledge or information

23   sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that

24   basis denies each and every allegation therein.

25             37.     Paragraph 37 consists of conclusions of law as to which no

26   responsive pleading is required.  To the extent Paragraph 37 requires a response, Mr.

27   Jenkins is without knowledge or information sufficient to form a belief as to the truth of

28   the allegations of Paragraph 37, and on that basis denies each and every allegation therein.

1      38.     Mr. Jenkins admits that CSK restated its financials twice in

2   connection with its vendor allowance accounting.  He further admits that CSK's Form 10-

3   K for fiscal year 2004 included the first of these two restatements.  Mr. Jenkins avers that

4   CSK's Form 10-K for fiscal year 2004 is the best evidence of its content.  Except as

5   expressly admitted and averred, Mr. Jenkins is without knowledge or information

6   sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that

7   basis denies each and every allegation therein.

8      39.     Paragraph 39 includes conclusions of law as to which no responsive

9   pleading is required.  To the extent Paragraph 39 requires a response, Mr. Jenkins is

10  without knowledge or information sufficient to form a belief as to the truth of the

11  allegations of Paragraph 39, and on that basis denies each and every allegation therein.

12     40.     Mr. Jenkins admits that CSK restated financials in its Form 10-K for

13  fiscal year 2004.  Mr. Jenkins also admits that CSK publicly announced an investigation

14  into various accounting practices on March 27, 2006.  He admits that CSK announced that

15  investigation was substantially complete as of September 28, 2006.  Mr. Jenkins avers that

16  the Form 10-K for fiscal year 2004, the public announcement of an investigation on

17  March 27, 2006, and the announcement of the substantial completion of that investigation

18  as of September 28, 2006 are the best evidence of their content.  Except as expressly

19  admitted and averred, Mr. Jenkins is without knowledge or information sufficient to form

20  a belief as to the truth of the allegations of Paragraph 40, and on that basis denies each and

21  every allegation therein.

22     41.     Mr. Jenkins admits that CSK filed a second restatement as part of its

23  Form 10-K for fiscal year 2005, and that he was one of the individuals who signed that

24  Form 10-K. Mr. Jenkins avers that the Form 10-K for fiscal year 2005 is the best

25  evidence of its content.  Except as expressly admitted and averred, Mr. Jenkins denies the

26  each and every allegation in Paragraph 41.

27  **IV.  Jenkins Received Bonuses and Profits From the Sale of CSK Stock**

28     42.     Mr. Jenkins admits that between May 5, 2003 and May 2, 2006 he

1  received compensation from CSK.  Mr. Jenkins further admits that, between May 5, 2003

2  and May 2, 2006, he realized profits from the exercise of his fully vested and expiring

3  options on CSK stock.  Except as expressly admitted, Mr. Jenkins denies each and every

4  allegation in Paragraph 42.

5                          **CLAIM FOR RELIEF**

6                         **FAILURE TO REIMBURSE**

7           43.      Paragraph 43 contains no allegations as to which a responsive

8  pleading is required.  To the extent a response is required, Mr. Jenkins refers to his

9  responses to Paragraphs 1-42 above.

10          44.      Paragraph 44 consists of conclusions of law as to which no

11  responsive pleading is required.  To the extent a response is required, Mr. Jenkins is

12  without knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 44, and on that basis denies each and every allegation therein.

14          45.      Paragraph 45 consists of conclusions of law as to which no

15  responsive pleading is required.  To the extent a response is required, Mr. Jenkins is

16  without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of Paragraph 45, and on that basis denies each and every allegation therein.

18          46.      Paragraph 46 consists of conclusions of law as to which no

19  responsive pleading is required.  To the extent a response is required, Mr. Jenkins is

20  without knowledge or information sufficient to form a belief as to the truth of the

21  allegations of Paragraph 46, and on that basis denies each and every allegation therein.

22          47.      Paragraph 47 consists of conclusions of law as to which no

23  responsive pleading is required.  To the extent a response is required, Mr. Jenkins is

24  without knowledge or information sufficient to form a belief as to the truth of the

25  allegations of Paragraph 47, and on that basis denies each and every allegation therein.

26          48.      Paragraph 48 consists of conclusions of law as to which no

27  responsive pleading is required.  To the extent a response is required, Mr. Jenkins denies

28  each and every allegation in Paragraph 48.

1

## **AFFIRMATIVE DEFENSES**

2

### **First Affirmative Defense**

3

(Failure to State a Claim)

4

    1.    The Complaint fails to state a claim upon which relief may be granted.

5

### **Second Affirmative Defense**

6

(Statute of Limitations)

7

    2.    The SEC's claims are barred in whole or in part by applicable statutes of

8

limitation.

9

### **Third Affirmative Defense**

10

(Estoppel)

11

    3.    The SEC's claims are barred by the doctrine of estoppel.

12

### **Fourth Affirmative Defense**

13

(Waiver)

14

    4.    The SEC's claims are barred by the doctrine of waiver.

15

### **Fifth Affirmative Defense**

16

(Bad Faith)

17

    5.    The SEC is barred from recovery of damages or any other relief because it

18

or the party it seeks to "reimburse" acted in bad faith.

19

### **Sixth Affirmative Defense**

20

(No Damages)

21

    6.    Neither the SEC nor the party the SEC purports to seek to "reimburse" have

22

suffered any damages.

23

### **Seventh Affirmative Defense**

24

(Unjust Enrichment)

25

    7.    The SEC cannot recover damages because any such recovery would be a

26

windfall resulting in unjust enrichment to the SEC or to the party the SEC purports to seek

27

to "reimburse".

28

10953396.1

- 11 -

DEFENDANT MAYNARD L. JENKINS'
ANSWER TO COMPLAINT

1
**Eighth Affirmative Defense**

2
(Unclean Hands)

3
      8.    The SEC's claims are barred or abated substantially because the SEC or the

4
party the SEC claims to seek to "reimburse" is guilty of unclean hands.

5
**Ninth Affirmative Defense**

6
(Laches)

7
      9.    The SEC's claims are barred, in whole or in part, by the doctrine of laches.

8
**Tenth Affirmative Defense**

9
(Adequacy of Remedy At Law)

10
     10.    The SEC's claim for "reimbursement" fails because there exists an adequate

11
remedy at law.

12
**Eleventh Affirmative Defense**

13
(Breach of Contract)

14
     11.    The SEC's claims constitute a breach of contract.

15
**Twelfth Affirmative Defense**

16
(Failure to Join an Indispensable Party)

17
     12.    The SEC's claims fail because it has failed to join an indispensable party.

18
**Thirteenth Affirmative Defense**

19
(Forfeiture)

20
     13.    The SEC's claims fail because the complaint seeks an impermissible

21
forfeiture.

22
**Fourteenth Affirmative Defense**

23
(Accord and Satisfaction)

24
     14.    The SEC's claim for "reimbursement" fails because there has been an

25
accord and satisfaction.

26

27

28
10953396.1                - 12 -                DEFENDANT MAYNARD L. JENKINS'
ANSWER TO COMPLAINT

1 | **Fifteenth Affirmative Defense**

2 | (Lack of Real Party in Interest)

3 |     15.    The SEC's claim for "reimbursement" fails for lack of a real party in interest

4 | who either is a party to or may be made a party to the claim.

5 | **Sixteenth Affirmative Defense**

6 | (Usury)

7 |     16.    The SEC's claim fails because it constitutes usury, or amounts to an

8 | usurious penalty.

9 | **Seventeenth Affirmative Defense**

10 | (Unconstitutionality)

11 |     17.    The SEC's claim fails because the relief it seeks violates the federal and

12 | state constitutions.

13 | **Eighteenth Affirmative Defense**

14 | (Set-off)

15 |     18.    The SEC's alleged claims for "reimbursement" are barred, in whole or in

16 | part, by Mr. Jenkins' right to a set-off.

17 |     WHEREFORE, Defendant Maynard L. Jenkins prays judgment as follows:

18 |     1.    That the SEC take nothing by its Complaint and that the Complaint be

19 | dismissed in its entirety with prejudice; and

20 |     2.    That Mr. Jenkins be awarded his costs and attorneys' fees incurred herein.

21

22 | DATED: June 23, 2010                  Munger, Tolles & Olson LLP

23 |                                     JOHN W. SPIEGEL<br>GREGORY J. WEINGART<br>MELINDA E. LEMOINE

24

25 |                                     By:   */s/ John W. Spiegel*

26 |                                             JOHN W. SPIEGEL

27 |                                     Attorneys for Defendant<br>MAYNARD L. JENKINS

28

10953396.1              - 13 -             DEFENDANT MAYNARD L. JENKINS'<br>ANSWER TO COMPLAINT