JOHN W. SPIEGEL (*Pro Hac Vice*)
John.Spiegel@mto.com
GREGORY J. WEINGART (*Pro Hac Vice*)
Gregory.Weingart@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendant
Maynard L. Jenkins

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>MAYNARD L. JENKINS,<br><br>            Defendant. | CASE NO.  CV-09-01510-PHX-GMS<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT MAYNARD L. JENKINS TO STRIKE PLAINTIFF'S (1) "SUPPLEMENTAL SEPARATE STATEMENT OF MATERIAL FACTS," (2) NEW EVIDENCE SUBMITTED WITH PLAINTIFF'S REPLY AND (3) OBJECTIONS TO DEFENDANT'S RESPONDING SEPARATE STATEMENT OF MATERIAL FACTS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 10, 2010<br>Time:  9:00 A.M.<br>Place   Courtroom 602<br>(Hon. G. Murray Snow) |

12305490.1

DEFENDANT'S NOTICE OF
MOTION & MOTION TO STRIKE

PLEASE TAKE NOTICE that on December 10, 2010, at 9:00 a.m. in Courtroom 602 of the United States District Court for the District of Arizona, located at 401 W. Washington Street, Phoenix, Arizona, or as soon thereafter as counsel may be heard, Defendant Maynard L. Jenkins will, and hereby does, move, pursuant to Rule 7.2(m)(1) of the *Local Rules of Civil Procedure* of this Court to strike the following documents filed by Plaintiff with its Reply in support of Plaintiff's Motion for Partial Summary Judgment on the ground that Plaintiff's filing of these documents is prohibited and not authorized by statute, rule or court order:

1. Plaintiff's Supplemental Separate Statement Of Material Facts;

2. Exhibit 29 to the Supplemental Searles Declaration submitted with Plaintiff's Reply; and

3. Plaintiff's Objections To Defendant's Responding Separate Statement Of Material Facts.

This Motion to Strike is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and such further argument as may be offered in any Reply or at the time of the hearing on this Motion.

DATED: November 15, 2010            Munger, Tolles & Olson LLP


                                    By:   /s/ Gregory J. Weingart
                                              Gregory J. Weingart

                                    Attorneys for Defendant
                                    Maynard L. Jenkins

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 7.2(m)(1) of the *Local Rules of Civil Procedure* of this Court states, in pertinent part, as follows:

> Unless made at trial, a motion to strike may be filed only . . . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

Defendant Maynard L. Jenkins brings this Motion because with its Reply in support of its Motion for Partial Summary Judgment Plaintiff has filed the following documents that are prohibited and not authorized by statute, rule or court order:

1. Plaintiff's Supplemental Separate Statement Of Material Facts;

2. Exhibit 29 to the Supplemental Searles Declaration, consisting of what Plaintiff's counsel describes as "FBI 302 reports" " summarizing the disclosures made by CSK's outside counsel to the U.S. Department of Justice, the F.B.I, the I.R.S., and the U.S. Postal Inspection Service, regarding the results of CSK's internal investigation;" and

3. Plaintiff's Objections To Defendant's Responding Separate Statement Of Material Facts

### **1.** ***Plaintiff's Supplemental Separate Statement Of Material Facts Should Be Stricken.***

LRCiv 56.1(a) provides that "[a]ny party filing a motion for summary judgment shall file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion." Plaintiff filed such a Separate Statement with its Motion. Neither the Local Rules of this Court, nor the *Federal Rules of Civil Procedure*[1], authorize Plaintiff to file an additional "Supplemental Separate Statement" with its reply. *Allstate Ins. Co. v. Ford Motor Co.*, 2010 WL 1654145, at *11 (D. Ariz., Apr. 21, 2010) (Wake, D.J.) ("LRCiv 56.1 does not permit moving parties to file additional statements of fact along with their replies.") Accordingly, Plaintiff's Supplemental Separate Statement should be stricken. Moreover, this is particularly true, since Plaintiff's Supplemental Statement seeks to rely on new

---

[1] *See Federal Rules of Civil Procedure,* Rule 56(c)(1)(C): "movant may file a reply . . . ."

"evidence" which, as shown in the next section, Plaintiff is prohibited from doing.

### 2. *Exhibit 29 To The Supplemental Searles Declaration Should Be Stricken.*

In filing its Motion, Plaintiff sought to rely on CSK's Second Restatement and supposed "admissions" by Messrs. O'Brien, Opper and Jenkins that there was accounting "misconduct" at CSK. Now. to try to prove "misconduct," with its Reply Plaintiff seeks to submit as new, additional "evidence" Exhibit 29 to the Supplemental Searles Declaration, which Plaintiff's counsel describes (*id.*, ¶11) as "FBI 302 reports" "summarizing the disclosures made by CSK's outside counsel to the U.S. Department of Justice, the F.B.I, the I.R.S., and the U.S. Postal Inspection Service, regarding the results of CSK's internal investigation." Exhibit 29 should be stricken.

The law is settled in the Ninth Circuit "that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D. Cal. 1999), citing *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." [internal quotes omitted]). "The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in defendant's reply." *American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc.*, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009) (Martone, D.J.), citing *Gadda v. State Bar of Cal.,* 511 F.3d 933, 937 n. 2 (9th Cir. 2007). Moreover, Exhibit 29 should be stricken because it is inadmissible <u>triple</u> <u>hearsay</u>. It consists of written "reports" prepared by the FBI "summarizing" statements purportedly made to the FBI "by CSK's outside counsel" of what the lawyers learned from statements of CSK employees and from reviewing CSK documents. The SEC does not attempt to explain why such triple hearsay should be admissible.[2]

---

[2] Because Plaintiff submitted these Reports for the first time with its Reply, Defendant, of course, could not assert its evidentiary objection to the Reports in its Responding Memorandum of Points and Authorities, as provided in LRCiv 7.2(m)(2).

### 3. ***Plaintiff's Objections To Defendant's Responding Separate Statement Of Material Facts Should Be Stricken.***

Rule 7.2(m)(2) of the *Local Rules of Civil Procedure* states unequivocally:

> An objection to the admission of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum (or, if the underlying motion is a motion for summary judgment, in the party's response to another party's separate statement of material facts) and not in a separate motion to strike or other separate filing. Any response to the objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

Plaintiff has violated this straightforward rule by submitting a separate document of "Objections" arguing that the Court should not consider the evidence submitted by Defendant in support of his "Statement of Additional Facts That Establish Genuine Issues Of Material Fact." These "Objections" should be stricken because they violate LRCiv 7.2(m)(2) and consist of five pages of additional argument that should have been included in Plaintiff's *already* 11-page Reply memorandum. *See* LRCiv 7.2(3) (reply memorandum limited to 11 pages).

DATED: November 15, 2010                              Munger, Tolles & Olson LLP


By:     /s/ Gregory J. Weingart
                 Gregory J. Weingart

Attorneys for Defendant
Maynard L. Jenkins

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

/s/ Gregory Weingart<br>Gregory Weingart