DONALD W. SEARLES, California Bar No. 135705
E-mail: searlesd@sec.gov
C. DABNEY O'RIORDAN, California Bar No. 205158
E-mail: oriordand@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:   (323) 965-3998
Facsimile:   (323) 965-3908

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>MAYNARD L. JENKINS,<br><br>　　　　　Defendant. | Case No. CV-09-01510-PHX-GMS<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MAYNARD L. JENKINS' MOTION TO STRIKE PLAINTIFF'S (1) SUPPLEMENTAL STATEMENT OF MATERIAL FACTS; (2) NEW EVIDENCE SUBMITTED WITH PLAINTIFF'S REPLY AND (3) OBJECTIONS TO DEFENDANT'S RESPONDING SEPARATE STATEMENT OF MATERIAL FACTS**<br><br>Date:　　December 10, 2010<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 602<br>　　　　　(Hon. G. Murray Snow) |

1  Plaintiff Securities and Exchange Commission ("Commission") hereby opposes
2  defendant Maynard Jenkins' motion to strike: (1) the Commission's supplemental
3  statement of material facts; (2) "new" evidence submitted with the Commission's reply;
4  and (3) the Commission's objections to defendant's separate statement of material facts.

**1. Defendant's Attempt To Manufacture A Disputed Issue Of Material Fact Based On The Declaration of Peter Solomon.**

As the Commission set forth in its reply, Jenkins has attempted to manufacture a disputed issue of material fact based on the declaration of Mr. Solomon, a specialist in forensic accounting.  As the Commission has pointed out, Mr. Solomon conducted a cursory review of only a portion of the available evidence in this matter.  By his own admission, he reviewed only "portions" of selected witnesses' testimony before the Commission provided to him by Jenkins' counsel.  Solomon Decl., Ex. B.  It is unclear from his declaration whether he, or Jenkins' counsel, selected what "portions" to review.  What is clear, however, is that Mr. Solomon did not conduct a complete review of the available evidence and it appears that he was carefully insulated from the some of the most damning evidence in this case, such as Mr. Jenkins' own testimony (*see* PSSF 28-46), the lengthy FBI-302 report summarizing the Company's disclosures of the results of its internal investigation to the Department of Justice, the F.B.I., the I.R.S, and the U.S Postal Service (*see* Supplemental Declaration of Donald W. Searles In Support of Plaintiff's Motion for Partial Summary Judgment ("Supp. Searles Decl."), Ex. 29); the thousands of business records, e-mail communications and other documents specifically identified by CSK's Audit Committee-led investigation in support of its findings; CSK's Wells submission (Searles Decl., Ex. 11); and Opper's and O'Brien guilty pleas in the parallel criminal case (Searles Decl., Exs. 12-15).

Furthermore, it appears that the portions of the testimonies provided to Mr. Solomon for his review were carefully excised to remove the portions of the witnesses' testimony where they were apprised of the results of CSK's internal investigation, and the fact that they believed, as Jenkins believed (*see* PSSF ¶ 45), that Mr. Watson and other

1  members of senior management had lied to them and had deceived CSK's Audit
2  Committee and independent auditors about the nature and extent of their multi-year
3  accounting fraud.  *See* Supp. Searles Decl., ¶¶ 2-8, Exs. 20-26.
4      In short, Mr. Solomon's highly selective and incomplete review of the evidence in
5  this case is a meaningless exercise that does not create any triable issue of fact.  *See, e.g,*
6  *DeJager Construction, Inc., v. Schleninger*, 938 F. Supp. 446, 449 (W.D. Mich. 1996) (an
7  expert may not simply assemble favorable facts from the record and conclude that
8  liability does or does not exist); *Benhabib v. Hughes Electronics Corp.*, 2006 U.S. Dist.
9  LEXIS 97109, *5 (C.D. Cal. Sept. 6, 2006) (precluding expert testimony that are merely
10 the witness' own assessment of the facts).

11     **2.  The Commission's Supplemental Facts Are Properly Before the Court As**
12         **They Directly Undermine Mr. Solomon's Expert Opinion.**

13     In support of its position that Jenkins' counsel presented Mr. Solomon with a
14 woefully incomplete view of the evidence on which to render his opinion, the
15 Commission has presented to the Court other excerpts of the same testimonies that Mr.
16 Solomon purported to rely upon that directly undermine his opinion, and which Mr.
17 Solomon appears not to have reviewed.  *See* Supp. Searles Decl., ¶¶ 2-8, Exs. 20-26;
18 Plaintiff's Supplemental Statement of Material Facts, ¶¶ 1-6.  In addition, the
19 Commission has presented to the Court the lengthy FBI-302 report summarizing the
20 Company's disclosures of the results of its internal investigation to the Department of
21 Justice, the F.B.I., the I.R.S, and the U.S Postal Service.  Supp. Searles Decl., Ex. 29.
22 Inexplicably, although Jenkins' counsel has long had that FBI-302 report, it was not
23 provided to Mr. Solomon for his review.  Solomon Decl., Ex. B.  Had Mr. Solomon
24 reviewed that document he would not have been able to render the opinion expressed in
25 his declaration.  The Commission is not presenting the FBI-302 report to the Court as
26 additional affirmative proof of "misconduct," as Jenkins' contends.  Rather, it did so in
27 support of its position that Mr. Solomon's declaration should be ignored and his
28

1  conclusions ruled inadmissible, as they are based on an incomplete, and highly selective,
2  review of the facts.
3       Nor do the Court's local rules support Jenkins' request to strike the Commission's
4  objections to Defendant's Responding Separate Statement of Material Facts.  As L.R.
5  7.2(j) provides:
6       An objection to the admission of evidence offered in support of or opposition
7       to a motion must be presented in the objecting party's responsive or reply
8       memorandum (*or, if the underlying motion is a motion for summary judgment,*
9       *in the party's response to another party's separate statement of material facts*)
10      and not in a separate motion to strike or other separate pleading.
11 L.R. 7.2(j) (emphasis added).
12      Jenkins appears to read this rule as requiring the Commission to make its
13 objections to his responding separate statement of material facts in the body of its reply.
14 The italicized portion of the rule, quoted above, however, specifically states that a party's
15 response to another party's statement of material facts may be in a separate pleading,
16 namely, in the party's response to another party's separate statement of material facts.
17 Clearly, the Commission's objections to Jenkins' separate statement of material facts
18 comply with L.R. 7.2(j).
19      Furthermore, the Commission's supplemental statement of material facts must be
20 read in conjunction with the Commission's objections to Jenkins' separate statement of
21 material facts.  In its objections, the Commission challenged Mr. Solomon's declaration
22 and the so-called "facts" and opinions presented therein because they were based on an
23 incomplete and highly selective review of portions of certain testimonies taken by the
24 Commission.  *See* Plaintiff's Objections to Jenkins' Separate Statement of Material
25 Facts.  All that the Commission did in its supplemental statement of material facts was to
26 set forth counter-designated portions of the same testimonies that Mr. Solomon purported
27 to rely upon, in which the witnesses were questioned on their reaction to having been
28 informed of the results of CSK's Audit Committee-led investigation, and stated that they

3

were "shocked" and "appalled," or words to that effect, and concluded -- as Jenkins himself concluded (PSSF ¶¶ 28-46) -- that members of CSK's finance department, including but not limited to Don Watson, Martin Fraser, Ed O'Brien and Gary Opper had lied to them, had concealed relevant and material information from them, had manufactured documents for presentation to PwC and CSK's Board of Directors, and were terminated as result.  Curiously, Mr. Solomon never reviewed those portions of their testimonies.

The Commission could have included its supplemental statement of material facts in its objections to Jenkins' separate statement of material facts, in further explanation for the bases of its objections. The fact that it chose to present them in a short, separate pleading, consisting of six separately numbered paragraphs, should not prevent the Court from having a complete picture on which to rule on the admissibility of Mr. Solomon's declaration.

### 3. Conclusion

For the foregoing reasons, Jenkins' motion to strike should be denied.

DATED:  November 15, 2010            Respectfully submitted,

/s/ Donald W. Searles
DONALD W. SEARLES
Attorneys for Plaintiff
Securities and Exchange Commission

4

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On November 15, 2010, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MAYNARD L. JENKINS' MOTION TO STRIKE PLAINTIFF'S (1) SUPPLEMENTAL STATEMENT OF MATERIAL FACTS; (2) NEW EVIDENCE SUBMITTED WITH PLAINTIFF'S REPLY AND (3) OBJECTIONS TO DEFENDANT'S RESPONDING SEPARATE STATEMENT OF MATERIAL FACTS** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 15, 2010         /s/ Donald W. Searles
                                Donald W. Searles

5

**SEC v. Maynard L. Jenkins**
**United States District Court - District of Arizona**
**Case No. 2:09-cv-01510-JWS**
**(LA-3305)**

SERVICE LIST

John W. Spiegel, Esq. **(served via CM/ECF only)**
Jenny M. Jiang, Esq. **(served via CM/ECF only)**
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Email:  john.spiegel@mto.com
Email:  jenny.jiang@mto.com
*Attorneys to Defendant Maynard L. Jenkins*