**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission, <br><br> Plaintiff, <br><br> vs. <br><br> Maynard L. Jenkins, <br><br> Defendant. | No. CV-09-1510-PHX-GMS <br><br> **ORDER** |

Pending before the Court is the United States' Motion to Intervene and Stay Certain Depositions Pending Criminal Disposition (Doc. 90) simultaneously filed in *United States v. Jenkins,* Case No. CV-09-1510-PHX-GMS and its companion motion filed in *United States v. Watson,* Case No. CV-09-443-PHX-GMS to stay certain depositions pending criminal disposition (Doc. 172). The motions are denied as further set forth below.

As this Court previously observed in *Watson*, "to the extent that the Defendants' discovery requests simply result in the happenstance that in defending themselves against serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage, *United States v. Watson,* 2:09-CV-00443-GMS (Doc. 47) (June 1, 2009), quoting *SEC v. Oakford Corp.,* 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998); *see*

*also United States v. Fin. Indus. Regulatory Auth.* 607 F. Supp.2d 391, 394 (E.D.N.Y. 2009) (holding that "the only 'prejudice' the Court can discern is that allowing the [civil proceeding] to go forward will result in the criminal defendants having more information than they otherwise would be entitled to at this stage under the Federal Rules of Criminal Procedure. This loss of the government's usual tactical advantage is insufficient to justify enjoining the [civil proceeding].")

The Court has not changed its mind in the last twenty months. It is true that the government's request is more narrowly tailored in this motion. But even so, it does not present any particular prejudice other than its loss of strategic advantage. Mr. Jenkins is not a defendant in any criminal case, there is little reason his preparation should be stayed so the United States can preserve its strategic advantage at his expense. Further, the preservation of such an advantage is an insufficient reason to permit Mr. Watson to prepare his defense in the civil proceeding brought by the SEC. Because the Court perceives no reason for the instant stay request other than for the government to preserve a tactical advantage in its criminal case.

**IT IS HEREBY ORDERED** denying the Motion to Intervene without prejudice (Doc. 90).

**IT IS FURTHER ORDERED** denying the Motion to Stay Certain Depositions Pending Criminal Disposition (Doc. 90).

DATED this 21st day of January, 2011.

_____
G. Murray Snow
United States District Judge