1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

      v.

MARTIN G. FRASER; DON W.
WATSON; EDWARD W. O'BRIEN; and
GARY M OPPER ,

               Defendants.

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

      v.

MAYNARD L. JENKINS,

               Defendant.

CASE NO. CV 09-01510 PHX RJB

CASE NO.  CV 09-00443 PHX RJB

ORDER ON THIRD-PARTY CSK
AUTO CORPORATION'S NOTICE
OF MOTION AND MOTION TO
INTERVENE AND STAY
PROCEEDINGS OR LIMIT
DISCOVERY

This matter comes before the court on *Third-Party CSK Auto Corporation's Notice of Motion and Motion to Intervene and Stay Proceedings or Limit Discovery.* CV 09-00443 PHX RJB (Dkt. 175); and CV 09-01510 PHX RJB (Dkt. 98). The court has considered the motion, Maynard L. Jenkins' amended response to the motion, CSK's reply, and the remainder of the file herein.

<u>PROCEDURAL HISTORY</u>

**Civil Cases Filed by Securities and Exchange Commission (SEC).** This matter involves two civil cases (SEC cases) filed by the SEC for violation of securities laws: (1) *Securities and Exchange Commission v. Martin G. Fraser, Don W. Watson, Edward W. O'Brien, and Gary M. Opper*, CV 09-00443 PHX RJB; and (2) *Securities and Exchange Commission v. Maynard Jenkins*, CV 09-01510 PHX RJB. The defendants in these cases were employees or officers of CSK Auto Corporation (CSK) at the time of the alleged conduct. On July 11, 2008, O'Reilly Automotive acquired CSK pursuant to a merger agreement. This order will refer to the corporate entity as CSK.

**Civil and Criminal Proceedings against Defendants involved in SEC Cases.** Mr. Jenkins has not been charged criminally. Mr. Watson was indicted in a criminal case, CR 09-00372 PHX SRB. The case against Mr. Watson is scheduled for trial on June 7, 2011. Mr. Fraser, Mr. Watson's co-defendant in CR 09-00372 PHX SRB, is deceased; the criminal indictment against him has been dismissed.

Mr. O'Brien and Mr. Opper were also charged in a criminal case, CR 09-00365 PHX SRB. Mr. O'Brien and Mr. Opper pled guilty in the criminal case on May 13, 2009. Sentencing is set for both of these defendants for July 25, 2011.

**Case Management in SEC Cases.** On May 5, 2010, United States District Judge J. Murray Snow issued a scheduling order in Case No. C09-00443 PHX RJB, setting a discovery

cutoff date of October 31, 2011, and a dispositive motions cutoff date of March 10, 2012.  C09-00443 PHX RJB, at 97.  On January 21, 2011, Judge Snow issued a case management order in C09-01510 PHX RJB, setting the same discovery and dispositive motion cutoff dates as had been set in C09-00443 PHX RJB.  See C09-01510 PHX RJB, Dkt. 111.

On February 22, 2011, cases C09-00443 PHX RJB and C09-01510 PHX RJB were assigned to the undersigned judge.

<u>MOTION</u>

On January 11, 2011, CSK filed a Motion to Intervene and Stay Proceedings or Limit Discovery, in both C09-00443 PHX RJB (Dkt. 175) and C09-01510 PHX RJB (Dkt. 98).  CSK requests that the court grant its motion to intervene as of right, and to stay proceedings or limit discovery pending resolution of Mr. Watson's criminal case in CR09-00372 PHX SRB.

CSK maintains that a trial date of June 7, 2011 has been set in Mr. Watson's criminal case; that the outcome of Mr. Watson's trial will sharpen, streamline, and perhaps help to eliminate the need for discovery in the civil cases; and that CSK's funding for defense costs of Mr. Watson and Mr. Jenkins is onerous and outweighs the interests of Mr. Watson and Mr. Jenkins, who will have the opportunity to complete discovery following Mr. Watson's criminal trial.  CSK contends that the SEC, Mr. Opper,  Mr. O'Brien, and the Department of Justice support CSK's motion and make no claims of prejudice.  S*ee* C09-00443 PHX RJB (Dkt. 175, at 9) and C09-01510 PHX RJB (Dkt. 98, at 9).  The court has taken judicial notice, as requested by CSK, of documents regarding case management that were filed in the SEC cases.  *See* C09-00443 PHX RJB (Dkt. 176) and C09-01510 PHX RJB (Dkt. 99).

Mr. Jenkins filed opposition to CSK's motion to intervene and to stay proceedings or limit discovery. *See* C09-00443 PHX RJB (Dkt. 183) and C09-01510 PHX RJB (Dkt. 105).  Mr. Jenkins contends that (1) CSK's motion to intervene should be denied because CSK does not

assert a significantly protectable interest; disposition of the SEC's lawsuit against Mr. Jenkins will not impair or impede the interest that CSK asserts; and CSK's request to intervene is untimely; and (2) CSK's request for a stay should be denied because it would cause real and substantial harm to Mr. Jenkins; CSK has not shown that denial of a stay would cause it to suffer a clear case of hardship or inequity; and entry of a stay would not promote the administration of justice or public interest.

In its reply, CSK contends that it is not attempting to avoid the costs associated with its contractual obligation to defend Mr. Jenkins in the SEC action; Mr. Jenkins himself requested that a trial not be scheduled until January of 2012; CSK's insurance coverage regarding Mr. Jenkins' legal costs does not preclude CSK's intervention; and this motion is not untimely. *See* C09-00443 PHX RJB (Dkt. 184) and C09-01510 PHX RJB (Dkt. 112).

<u>DISCUSSION</u>

**1.    Motion to Intervene**

CSK contends that the court should permit it to intervene as of right, pursuant to Fed.R.Civ.P. 24(a)(2), which provides that a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

In determining whether to grant a motion to intervene, the court must consider the following:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

ORDER ON THIRD-PARTY CSK AUTO
CORPORATION'S NOTICE OF MOTION AND
MOTION TO INTERVENE AND STAY
PROCEEDINGS OR LIMIT DISCOVERY- 4

*Timeliness.* Although Mr. Jenkins contends that CSK's motion to intervene is untimely, a request to intervene at this stage may be considered timely, since the criminal case against Mr. Watson has now been set, and dates for completion of discovery and dispositive motions have been set in the SEC cases.

*Significant Protectable Interest.* CSK contends that alleged accounting improprieties at CSK form the basis for Mr. Watson's criminal case and for the SEC claims against Mr. Watson, Mr. Opper and Mr. O'Brien; and that the SEC case against Mr. Jenkins focuses on whether wrongdoing has occurred at CSK. CSK maintains that it has incurred, and continues to incur, attorney's fees and defense costs related to the defense of Mr. Watson in his criminal case, and that those costs are escalating. CSK contends that attorney's fees associated with the defense of the defendants in the SEC cases is now focusing on whether wrongdoing occurred at CSK, and that these costs have been very expensive, with the company having incurred over $1.9 million in fees and costs to date. Now that a discovery deadline has been set, CSK maintains that defense counsel in the SEC cases are beginning to pursue discovery at a rapid rate.

Mr. Jenkins maintains that CSK's interest is only an economic interest to avoid defense costs, and that such a general economic interest cannot serve as a basis for intervention as of right.

"An applicant for intervention must have a 'significantly protectable interest,' meaning that '(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims.'" *Aerojet*, 606 F.3d at 1149, quoting *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 440-41 (9th Cir. 2006).

ORDER ON THIRD-PARTY CSK AUTO
CORPORATION'S NOTICE OF MOTION AND
MOTION TO INTERVENE AND STAY
PROCEEDINGS OR LIMIT DISCOVERY- 5

1   CSK has assumed the defense costs in the criminal case against Mr. Watson and in

2   the SEC cases.  CSK's interest is in controlling these costs.  By this motion, CSK is not

3   attempting to intervene in the SEC cases for purposes related to the merits of the SEC

4   cases.  CSK's interest is related to the procedure in the cases, not to the underlying claims

5   in the cases. CSK has not shown that its interest in controlling legal costs is protected

6   under some law.  Even if CSK had an interest protected under law, it has not shown a

7   sufficient relationship between that that interest and the claims in Mr. Watson's criminal

8   case or in the SEC cases.

9        *Ability to Protect CSK's Interest.*  Mr. Jenkins contends that CSK's interest will

10  not be impaired or impeded by the determination in the SEC case against Mr. Jenkins.

11       The requirement for intervention as of right because a decision in an action will

12  impair or impede the applicant's interest is satisfied if an absentee would be substantially

13  affected in a practical sense by the determination made in the action.  *S.W. Center for*

14  *Biol. Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

15

16       While CSK may have an interest in the outcome of the SEC case involving  the

17  defendants in the SEC cases, that interest is not the basis upon which CSK requests to

18  intervene in this case.  CSK has not shown that its ability to protect its interest in

19  controlling legal costs will be affected by a determination made in the SEC actions

20  regarding whether defendants in the SEC cases will be required to remit or reimburse

21  CSK for money received in compensation and/or from sale of stock.

22

23

24
ORDER ON THIRD-PARTY CSK AUTO
CORPORATION'S NOTICE OF MOTION AND
MOTION TO INTERVENE AND STAY
PROCEEDINGS OR LIMIT DISCOVERY- 6

*CSK's Interest Adequately Represented.*  This factor is not significant, in light of the determination that CSK does not have a significantly protectable interest or that disposition of the action may impair CSK's ability to protect that interest.

*Conclusion.* CSK has not shown that it has the right to intervene in the SEC cases, pursuant to Fed.R.Civ.P. 24(a)(2).  The motion to intervene should be denied.

## 2.   Motion to Stay

Assuming that CSK's motion to stay proceedings or limit discovery pending resolution of Mr. Watson's criminal case in CR09-00372 PHX SRB is properly before the court, the court will address whether a stay or order limiting discovery is appropriate.

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-55.

When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage which may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  Additionally, case management standing alone "is not

necessarily a sufficient ground to stay proceedings," *Dependable Hwy. Express, Inc. v. Navigators, Inc. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), and indefinite stays are disfavored, *Dependable*, 498 F.3d at 1066 ; *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

*Damage from Granting a Stay.*  Mr. Jenkins asserts that a stay would cause real and substantial harm to him, if a stay were granted.  The remaining defendants in the SEC cases have not responded to the motion to stay proceedings or limit discovery.  A trial date in the SEC cases has not yet been set, although the discovery cutoff is set for October 31, 2011, and the date for filing dispositive motions is in March of 2012.  It does not appear that the SEC defendants would suffer real and substantial harm if a stay were granted.

*Hardship or Inequity.* CSK maintains that waiting until after Mr. Watson's criminal trial to conduct discovery in the SEC cases may resolve issues and make litigation of the claims more efficient.  That claim is speculative.

*Orderly Course of Justice.* After the criminal trial of Mr. Watson had been set, and after the pleas of Mr. O'Brien and Mr. Opper had been accepted,  Judge Snow set discovery and dispositive motion deadlines in the SEC cases.  The case management orders took into consideration the timing of the criminal proceedings and the orderly progression of the SEC cases.  The case management orders issued by Judge Snow afforded ample time to all parties to develop their cases and defenses. A stay of the proceedings or limitation on discovery in the SEC cases would further delay the resolution of the SEC cases. The orderly course of justice would not be served by granting a stay of proceedings or limitation on discovery in the SEC cases.

*Conclusion.* CSK has not shown cause for granting a stay of the proceedings in the SEC cases.  CSK's motion to stay proceedings or limit discovery should be denied.

This ruling does not mean that the court is unconcerned about the rapidly mounting legal costs in the SEC cases.  The court recognizes the difficult position CSK occupies, as the entity

that is funding the defense in the SEC cases as well as the entity that is a potential beneficiary, should the SEC prevail against the defendants in the SEC cases.  Of course, counsel is bound by the relevant Rules of Professional Conduct regarding fees.  The parties in the SEC cases should also consider whether and when it may be appropriate to initiate and pursue settlement negotiations.

Therefore, it is hereby **ORDERED** that  *Third-Party CSK Auto Corporation's Notice of Motion and Motion to Intervene and Stay Proceedings or Limit Discovery.* CV 09-00443 PHX RJB (Dkt. 175); and CV 09-01510 PHX RJB (Dkt. 98) is **DENIED**.

The clerk is ordered to provide copies of this order to all counsel to all counsel of record, and to any party appearing *pro se* at that party's last known address.

Dated this 4th day of March, 2011.

ROBERT J. BRYAN
United States District Judge

ORDER ON THIRD-PARTY CSK AUTO
CORPORATION'S NOTICE OF MOTION AND
MOTION TO INTERVENE AND STAY
PROCEEDINGS OR LIMIT DISCOVERY- 9