DONALD W. SEARLES, California Bar No. 135705
E-mail: searlesd@sec.gov
C. DABNEY O'RIORDAN, California Bar No. 205158
E-mail: oriordand@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:    (323) 965-3998
Facsimile:    (323) 965-3908

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

        vs.

MAYNARD L. JENKINS,

                    Defendant.

Case No. CV-09-01510-PHX-GMS

**CONSENT OF DEFENDANT
MAYNARD L. JENKINS**

        1.      Defendant Maynard L. Jenkins ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

        2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to reimburse O'Reilly Automotive Inc. ("O'Reilly"), which acquired CSK Auto Corporation ("CSK"), $2,796,467  pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a).

1       3.     Defendant waives the entry of findings of fact and conclusions of law

2  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3       4.     Defendant waives the right, if any, to a jury trial and to appeal from the

4  entry of the Final Judgment.

5       5.     Defendant enters into this Consent voluntarily and represents that no

6  threats, offers, promises, or inducements of any kind have been made by the Commission

7  or any member, officer, employee, agent, or representative of the Commission to induce

8  Defendant to enter into this Consent.

9       6.     Defendant agrees that this Consent shall be incorporated into the Final

10  Judgment with the same force and effect as if fully set forth therein.

11       7.     Defendant waives service of the Final Judgment and agrees that entry of the

12  Final Judgment by the Court and filing with the Clerk of the Court will constitute notice

13  to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for

14  the Commission, within thirty days after the Final Judgment is filed with the Clerk of the

15  Court, with an affidavit or declaration stating that Defendant has received and read a

16  copy of the Final Judgment.

17       8.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

18  asserted against Defendant in this civil proceeding.  Defendant acknowledges that no

19  promise or representation has been made by the Commission or any member, officer,

20  employee, agent, or representative of the Commission with regard to any criminal

21  liability that may have arisen or may arise from the facts underlying this action or

22  immunity from any such criminal liability.  Defendant waives any claim of Double

23  Jeopardy based upon the settlement of this proceeding, including the imposition of any

24  remedy or civil penalty herein.

25       9.     Defendant understands and agrees to comply with the Commission's policy

26  "not to permit a defendant or respondent to consent to a judgment or order that imposes a

27  sanction while denying the allegations in the complaint or order for proceedings."  17

28  C.F.R. § 202.5.  In compliance with this policy, Defendant agrees: (i) not to take any

-2-

1  action or to make or permit to be made any public statement denying, directly or

2  indirectly, any allegation in the complaint or creating the impression that the complaint is

3  without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby

4  withdraws any papers filed in this action to the extent that they deny any allegation in the

5  complaint.  If Defendant breaches this agreement, the Commission may petition the Court

6  to vacate the Final Judgment and restore this action to its active docket.  Nothing in this

7  paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or

8  factual positions in litigation or other legal proceedings in which the Commission is not a

9  party.

10        10.     Defendant hereby waives any rights under the Equal Access to Justice Act,

11  the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision

12  of law to seek from the United States, or any agency, or any official of the United States

13  acting in his or her official capacity, directly or indirectly, reimbursement of attorney's

14  fees or other fees, expenses, or costs expended by Defendant to defend against this

15  action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in

16  this action since the parties have reached a good faith settlement.

17        11.     Defendant acknowledges the Commission's position that a public

18  company's agreement to indemnify a person against liability for payments under Section

19  304 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243 violates public policy and

20  agrees not to seek indemnification from O'Reilly, or its wholly owned subsidiary, CSK,

21  for the payment required by the Final Judgment.

22        12.     Defendant agrees that the Commission may present the Final Judgment to

23  the Court for signature and entry without further notice.

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

- 3 -

1        13.    Defendant agrees that this Court shall retain jurisdiction over this matter for

2    the purpose of enforcing the terms of the Final Judgment.

3

4

5    Dated: _____11/10/11_____          _____

6                                      Maynard L. Jenkins

7

8        On _November 10th_, 2011, before me Jessica Copeland-Anderson, Notary Public personally

9    appeared _Maynard L. Jenkins_ who proved to me on the basis of satisfactory evidence to

10   be the person whose name is subscribed to the within instrument and acknowledged to

11   me that he executed the same in his authorized capacity, and that by his signature on the

12   instrument the person, or the entity upon behalf of which the person acted, executed the

13   instrument.

14

15       I certify under penalty of perjury under the laws of the State of California that the

16   foregoing paragraph is true and correct

17       WITNESS my hand and official seal

18

19   JESSICA COPELAND-ANDERSON          _____

    COMM. #1881673              Notary Public

20   NOTARY PUBLIC-CALIFORNIA         Commission expires:

    MONO COUNTY

21   My Comm. Expires Mar. 05, 2014

22   Approved as to form:

23   /s/ John W. Spiegel

    John W. Spiegel

24   Gregory J. Weingart

    355 South Grand Avenue, 35th Floor

25   Los Angeles, CA 90071

    Telephone:  (213) 683-9100

26   Facsimile:  (213) 687-3702

27   Attorneys for Defendant Maynard L. Jenkins

28